## STATE v. WILLIAMS.

1. Under an act authorizing the governor to appoint a supervisor of registration, by and with the advice and consent of the senate, if in session, and, if not in session, subject to its approval at its next session, and which act declared that the term of office of such supervisor should be two years, the term of office of a supervisor appointed during vacation was not for the term of two years, but was merely provisional, and terminated when the senate, at its next session, adjourned without approval of the appointment.
2. The "next session," within the meaning of this statute, meant the next session, in fact, whether special or regular.
3. A supervisor appointed by the governor in vacation, and nominated to the senate at its next session, which was a special session, but not confirmed, and seven months afterwards elected clerk of court, was not elected clerk during the term for which he was appointed supervisor.
4. As the constitution declares that every qualified voter shall be eligible to every office elective by the people, unless laboring under some one of the disabilities mentioned in the constitution, a statute which declares a supervisor of registration to be ineligible to any other office during the term for which he is appointed is unconstitutional and void.

This was a proceeding in the original jurisdiction of this court, it being an information in the nature of *quo warranto,* filed on January 23d, 1883, in the name of the State of South Carolina, by C. Richardson Miles, attorney-general, against Joseph J. Williams, praying for a rule to show cause, and for judgment of ouster. The opinion states the case.

*Mr. W. St. J. Jervey,* for plaintiff.

*Messrs. Simonton & Barker,* contra.

September 24th, 1883.　The opinion of the court was delivered by

MR. JUSTICE McIVER.　This was a proceeding in the original jurisdiction of this court to oust the defendant from the office of clerk of the Court of Common Pleas for Berkeley county, upon the ground that he was not eligible to said office by reason of his having been elected thereto during the term for which he had been appointed supervisor of registration for said county.

There was no controversy as to the facts, which are as follows: On March 1st, 1882, Williams was appointed by the governor supervisor of registration for Berkeley county, was commissioned on the thirteenth of that month, and entered upon the discharge of the duties of the office. The general assembly met in extra session on June 27th, 1882, and was adjourned *sine die* on July 5th, 1882. On the last-mentioned day the governor informed the senate of Williams' appointment, and that body failed or refused to approve the same. On July 24th, 1882, the governor sent to the secretary of State the following notice: "Removed J. J. Williams, supervisor of registration, and appointed P. J. Couturier, of St. Stephens, as supervisor of registration for Berkeley county in his stead." Couturier was commissioned for the unexpired term July 31st, 1882, and on November 28th, 1882, the governor informed the senate, which was then in session, of Couturier's appointment, which was approved by that body. Williams was elected clerk on November 7th, 1882.

The third section of the act of 1882 (17 *Stat.* 1111) incorporated

in the general statutes of 1882 as section 91, providing for the appointment of supervisors of registration, reads as follows: " On or before the first day of March next, and on or before the same day in every second year thereafter, the governor shall appoint, by and with the advice and consent of the senate, if in session, and, if not in session, subject to the approval of the senate at its next session, and subject to removal by the governor, by and with the advice and consent of the senate, one competent and discreet person in each county, who shall be a qualified voter thereof, and who shall hold his office at the county seat, who shall be known as the supervisor of registration of such county.   *   *   *   The term of his office shall be for two years from the date of his appointment; he shall continue in office until his successor shall be appointed, and shall qualify; and he shall not be eligible to any other office during the term for which he is appointed."

The case of the plaintiff rests upon the proposition that Williams was appointed supervisor for the term of two years from March 1st, 1882, and that by the express terms of the act above quoted he was not eligible to any other office during said term; and, hence, that his election as clerk was a nullity.

The terms of the act are somewhat peculiar—different from the language usually employed in such cases.   The act does not, as is usually the case, declare that the appointee to the office of supervisor of registration shall be ineligible to any other whilst he holds the office of supervisor; but its terms are, " shall not be eligible to any other office during the term for which he is appointed."   Hence, the mere fact that the defendant was out of office as supervisor, either by removal, resignation or otherwise, at the time he was elected clerk, would not affect the question. The real inquiry is, whether Williams was elected clerk during the term for which he was appoined supervisor.   If he was, then, under the express terms of the act, he would be ineligible to the office of clerk; and, the election being a nullity, the plaintiff would be entitled to judgment of ouster.

What, then, was the term for which Williams was appointed supervisor?   Was it for two years from March 1st, 1882, or did it expire upon the failure or refusal of the senate, at its next

session, to approve the appointment made by the governor? It will be observed that the act does not give to the governor the unqualified power of appointment; but its language is, "the governor shall appoint, by and with the advice and consent of the senate, if in session, and, if not in session, subject to the approval of the senate at its next session." It is clear, therefore, that if the senate is in session at the time, the governor cannot make any valid appointment without the approval of that body. If, however, the senate is not in session, he may make an appointment "subject to the approval of the senate at its next session." That is, the appointment made by the governor is provisional merely, and, unless approved by the senate at its next session, terminates with such session.

The court is bound to take judicial notice of the fact, that the senate was not in session on March 1st, 1882, when the governor made the appointment of Williams as supervisor of registration, and therefore such appointment was provisional merely, and expired with the next session of the senate, at which, it is conceded, there was no approval of said appointment. The governor, without the approval of the senate, had no power to appoint a supervisor of registration for the term of two years. He could only appoint for a term ending with the next session of the senate, unless that body approved his appointment, and as there was no such approval, the term for which Williams was appointed expired on July 5th, 1882, when the next session of the senate terminated without approving the appointment made by the governor. The subsequent act of the governor, on July 24th, 1882, in removing Williams from office was a work of supererogation, and cannot affect the question. The term for which Williams had been appointed had then expired, and, being out of office, no removal was necessary.

It may be said that the words "next session" in the act above quoted should, under the authority of *Arnold* v. *McKellar*, 9 *S. C.* 335, be construed to mean next regular annual meeting, and, if so, then the term for which Williams had been appointed supervisor of registration had not expired when the election for clerk was held, inasmuch as the next regular session of the senate had not terminated, and indeed had not commenced, on Novem-

ber 7th, 1882, when the election for clerk was held, and hence that Williams was then ineligible to that office. The construction given to the words in question, or rather very similar words, in *Arnold* v. *McKellar*, is fully vindicated by the reasons stated in that case; but no such reasons apply here, and therefore we are bound to give the words in question their usual and ordinary signification. It seems to us, therefore, that Williams was not elected clerk during the term for which he had been appointed supervisor of registration, and therefore he was not ineligible to the said office of clerk.

But even if it should be conceded that Williams was appointed supervisor of registration for the full term of two years from March 1st, 1882, it would be far from clear that the plaintiff would be entitled to judgment of ouster, for it may well be doubted whether that provision of the act quoted which declares a person appointed to the office of supervisor of registration ineligible to any other office during the term for which he has been appointed, is constitutional. Section 31 of Article I. is as follows: "All elections shall be free and open, and every inhabitant of this commonwealth, possessing the qualifications provided for in this constitution, shall have an equal right to elect officers, and be elected to fill public office." Section 7, of Article VIII, is in the following language: "Every person entitled to vote at an election shall be eligible to any office which now is, or hereafter shall be, elective by the people in the county where he shall have resided sixty days previous to such election, except as otherwise provided in this constitution, or the constitution and laws of the United States."

From the clauses of the constitution above quoted it would seem to follow that every qualified voter is eligible " to any office which now is, or hereafter shall be, elective by the people in the county where he shall have resided sixty days previous to such election," unless he labors under some one of the disabilities mentioned in the constitution. This being a right guaranteed to every voter by the organic law, cannot certainly be taken away or abridged by any mere legislative provision. It is not pretended that the defendant labored under any one of the disabilities mentioned in the constitution, and it follows necessarily

that any act of the general assembly designed to impose upon him any other disability would be unconstitutional and void.

The office of clerk of the Court of Common Pleas is an office "elective by the people," and the fact that the election at which Williams was elected took place during the term for which he had been appointed supervisor of registration, could not render him ineligible to such office, as that is not one of the causes of ineligibility provided for in the constitution, and it is beyond the competency of the legislature to add another cause of ineligibility to those provided for in that instrument. The language of the constitution is affirmative, not negative merely. It in effect declares that every qualified voter shall be eligible to any elective office, unless he labors under some one of the disabilities mentioned in the constitution; and hence any attempt on the part of the legislature to add any other disability, would be in direct conflict with the positive mandate of the constitution, and, therefore, void.

The judgment of this court is that the rule be discharged and that the information be dismissed.